UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS GREMMELS,<br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA INSTITUTE OF INTEGRATED STUDIES,<br>    Defendant. | Case No. 21-cv-06101-PJH<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

The court has reviewed Magistrate Judge Donna M. Ryu's Report and Recommendation to dismiss plaintiff's complaint without prejudice for failure to prosecute. Objection to the report was due by January 4, 2022, but none was filed. The court finds the report correct, well-reasoned, and thorough. However, the court elects to dismiss the complaint on a basis other than failure to prosecute.

Prior to consideration of plaintiff's failure to prosecute, Judge Ryu granted plaintiff's application to proceed in forma pauperis and dismissed the complaint after screening pursuant to Title 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted. The court considers dismissal on this basis below.

**A.    Brief Timeline**

Plaintiff filed the complaint initiating this lawsuit on August 9, 2021. Dkt. 1. On October 27, 2021, plaintiff filed a single "motion for docket changes from ADR to litigation," to be applied to five separate cases he had initiated against different defendants in this district. Dkt. 7 (listing in the caption case numbers 21-cv-06104-LB; 21-cv-06101-DMR; 21-cv-05395-JCS; 21-cv-06073-SK; and 21-cv-06102-JSC).

Judge Ryu entered the initial order granting plaintiff's application to proceed in

forma pauperis and screening the complaint in this case pursuant to § 1915(e)(2)(B)(ii) on November 24, 2021. Dkt. 9. Following plaintiff's failure to file an amended pleading responding to the deficiencies enumerated in that order, Judge Ryu issued a report and recommendation requesting that the matter be reassigned to a district judge and recommending dismissal for failure to prosecute. Dkt. 12. That R&R is the subject of the instant order.

After Judge Ryu's screening order was entered, plaintiff's "motion for docket changes from ADR to litigation" was terminated by the clerk on November 29, 2021. See court-only, un-numbered ECF docket notation dated 11/29/21. Plaintiff thereafter filed a notice of appeal of that termination with the Ninth Circuit (Dkt. 16) along with a motion for PACER access and an extension of the deadline for his appeal (Dkt. 15). The Ninth Circuit dismissed the appeal on the basis that the "the order challenged in the appeal is not final or appealable." Dkt. 18. Because the appeal is resolved, the court hereby TERMINATES plaintiff's associated motion for an extension of the deadline. Dkt. 15.

Plaintiff has not filed any papers responding to the screening order (Dkt. 9) or the R&R recommending dismissal for failure to prosecute (Dkt. 12). Failure to respond to both orders is certainly a basis for dismissing this case for failure to prosecute as recommended.

**B.     Legal Standard**

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." However, in reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Lopez v. Smith, 203 F.3d 1122, 1127-31 (9th Cir. 2000)).  A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

A complaint filed in forma pauperis is reviewed pursuant to Title 28 U.S.C. § 1915(e).  That review "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible") (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  "[C]laims describing fantastic or delusional scenarios" are clearly baseless. Id.

**C.  Discussion**

Just as Judge Ryu determined that the complaint does not comport with the bare requirements of Rule 8, the undersigned cannot discern from the complaint a plausible cause of action that would entitle plaintiff to relief.

Plaintiff's allegations regarding an indefinite right to education are not cognizable. "Education, of course, is not among the rights afforded explicit protection under our Federal Constitution." San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35 (1973). This premise has been reaffirmed on multiple occasions. See, e.g., Plyler v. Doe, 457 U.S. 202, 221 (1982) ("[p]ublic education is not a 'right' granted to individuals by the Constitution.").  Gremmels has not pleaded any facts indicating that his decision to attend graduate school at CIIS was interfered with or was not entirely his own.  Plaintiff's complaint fails to state a cause of action on this basis.

To the extent the complaint alleges a fraudulent impediment to contract, that claim fails as well. "The elements of a cause of action for fraud in California are: '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997)). Federal Rule of Civil Procedure Rule 9(b) "requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud." Id. "Under California law, the elements for the tort of intentional interference with contractual relations are '(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.'" United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc., 766 F.3d 1002, 1006 (9th Cir. 2014) (quoting Pac. Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 270 (1990)). The complaint does not allege any facts that plausibly state a valid claim for fraud or intentional interference with a contractual relationship. The complaint falls far short of pleading the particularity that is required for a fraud claim.

**D.    Conclusion**

The court DISMISSES the complaint for failure to state a claim upon which relief may be granted. Plaintiff may file an amended complaint on or before March 10, 2022. Any amended complaint must specify: (1) the legal violations for which plaintiff seeks relief, (2) the factual allegations supporting plaintiff's claims for relief, and (3) the grounds for this court's jurisdiction over this case. No additional parties may be added to the amended complaint without leave of court. The court elects not to dismiss the case on the alternative ground of failing to prosecute since plaintiff's attempt to appeal the report and recommendation suggests some intent on plaintiff's part to prosecute this action. However, given plaintiff's failure to comply with two prior orders, the court warns plaintiff

4

that if plaintiff fails to timely file an amended complaint or otherwise comply with this order, the complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: February 8, 2022

                                            */s/ Phyllis J. Hamilton*
                                            PHYLLIS J. HAMILTON
                                            United States District Judge